**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| **Tania Formo,**<br>**Plaintiff,**<br><br>**v.**<br><br>**The Lincoln National Life Insurance Company,**<br><br>**Defendant.** | **Civil Action No. 0:26-cv-02623-JMB-LIB**<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

---

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Tania Formo, ("Plaintiff"), and states as follows:

## NATURE OF ACTION, JURISDICTION, PARTIES, AND VENUE

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff was, at certain times, employed by Walmart Inc. ("Walmart"). Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that Plaintiff was, at certain times, employed by Walmart and a participant in the Walmart Inc. Long Term Disability Plan ("the LTD Plan") sponsored by Walmart to provide certain benefits to participating, eligible employees of Walmart. Lincoln admits that it

issued Group Disability Income Policy numbered GD/GF3-850-290765-01 (the "Policy") to Walmart, which Policy, at certain times, insured benefits paid by LTD Plan. Lincoln admits it was, at certain times, the claims administrator of claims from the LTD Plan under the Policy, but Lincoln denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer.

6. Lincoln admits that it issued the Policy to Walmart which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it is an Indiana Corporation that is legally authorized to do business in the State of Minnesota and that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

**RECITATION OF FACTS**

7. Lincoln admits that Plaintiff was, at certain times, employed by Walmart. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Plaintiff was, at certain times, employed by Walmart, and a participant in the LTD Plan. Lincoln admits that it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff's last day at work at Walmart was April 7, 2021. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy

was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits that it sent a letter to Plaintiff dated August 2, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it received an email with a letter and additional documentation from Plaintiff's counsel dated January 28, 2024, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letter itself the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it sent a letter to Plaintiff's counsel dated June 13, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

13. Lincoln incorporates its responses to Paragraphs 1-12 by reference as if fully set forth herein.

14. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln denies all allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies all allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies all allegations contained in the WHEREFORE paragraph of the Complaint and denies Plaintiff is entitled to the relief sought therein.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 13th day of July 2026.

Respectfully submitted,


**LARSON KING, LLP**

By:/s/ *Owen J. Palmer*
Owen J. Palmer (0505714)
R. John Wells (0391414)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
jwells@larsonking.com
opalmer@larsonking.com

- And –

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
Pending *Pro Hac Vice*
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Minnesota, using the electronic case filing system of the court, and the electronic case filing system sent a “Notice of Electronic Filing” to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Thomas J. Beedem
tjb3@beedhamlaw.com

Alesia R. Strand
ars@beedemlaw.com

July 13, 2026          /s/ Iwana Rademaekers
Date          Iwana Rademaekers