**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Tonia Formo,<br><br>Plaintiff,<br><br>v.<br><br>The Lincoln National Life Insurance Company<br><br>Defendant. | Court File No. 26-cv-2623 (JMB/LIB)<br><br>**PLAINTIFF'S STATEMENT OF THE CASE** |

---

Pursuant to the Court's Pretrial Scheduling Notice and Order filed July 20, 2026 [Doc. 13], please find the following as Plaintiff's Statement of the Case.

**<u>Plaintiff's Version of the Facts</u>**

At all times relevant hereto, Plaintiff, Tonia Formo, was employed by Walmart, Inc. Through her employment, Plaintiff was a participant in the group long-term disability insurance contract issued by The Lincoln National Life Insurance Company (Lincoln).

Due to adverse health conditions, Plaintiff ceased working and timely applied for long-term disability benefits. Plaintiff's claim was approved as Defendant agreed Plaintiff was unable to perform the duties of her own occupation through October 15, 2023 and denied benefits thereafter. Plaintiff timely appealed this determination. Plaintiff was advised that Defendant was upholding the denial of benefits following the appeal review.

Throughout the investigation and in denying Plaintiff's claims and administrative remedies, Defendant violated the clear and unambiguous terms of the applicable Plan, ERISA and applicable regulations by ignoring the facts and evidence of Plaintiff's case and restrictions imposed by her treating physicians. Accordingly, Defendant's decision to terminate Plaintiff's LTD benefits was wrongful and in violation of the terms of the Plan, as well as in violation of the terms of ERISA.

**Listing of Particularized Facts Supporting Plaintiff's Claims and Statutory Authority**

The particularized facts of this matter are contained within the Administrative Record and will focus on the objective medical evidence supplied in support of her adverse physical conditions and inability to work on a consistent, full-time basis in her own or any occupation under the applicable test of disability as defined in the Policy.

The standard of review will be determined upon full review of the Administrative Record. ERISA does not specifically provide for the arbitrary and capricious standard, nor does any other applicable federal law. Rather, the standard was borne out of case law. In response, states have enacted laws banning such discretionary language. Courts have consistently held that such a ban is insulated from ERISA as a result of the 'savings clause' which provides that ERISA "…shall [not] be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. §1144(b)(2)(A).

**Itemization and Explanation of Claimed Damages**

Based upon the information currently in Plaintiff's possession, so long as she remains disabled pursuant to the terms of the Plan, Plaintiff would be entitled to long-term disability benefits, reduced by deductible sources of income, through normal retirement age. Plaintiff is also claiming interest on past-due benefits, penalties, attorneys' fees, as well as costs and disbursements.

DATED: August 19, 2026

BEEDEM LAW PC

***s/ Thomas J. Beedem***

Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
80 South Eighth Street, Suite 900
Minneapolis, MN 55402
(612) 305-1300 Phone
(612) 339-5765 Facsimile
tjb3@beedemlaw.com
ars@beedemlaw.com

ATTORNEYS FOR PLAINTIFF