**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Tania Formo,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**The Lincoln National Life Insurance Company,**<br><br>**Defendant.** | **CIVIL FILE NO. 0:26-cv-02623-JMB-LIB**<br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on August 19, 2026, and prepared the following report.

The parties do not request that an initial pretrial conference be held prior to the entry of a scheduling order.

(a) Description of the Case.

(1) Concise factual summary of plaintiff's claims:

Plaintiff seeks payment of long-term disability benefits and contends Defendant wrongfully terminated benefits under the Policy.

(2) Concise factual summary of defendant's claims/defenses:

Defendant did not abuse its discretion in terminating Plaintiff's long-term disability benefits.

(3) Statement of jurisdiction (including statutory citations):

ERISA, 29 U.S.C. § 1132

(4) Summary of factual stipulations or agreements:

None.

(5) Statement of whether a jury trial has been timely demanded by any party:

The Parties agree that jury trials are not available under ERISA.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

N/A

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All parties have been served. The Parties do not anticipate the need to amend pleadings or add additional parties.

(c) Fact Discovery.

Defendant contends that discovery is unavailable or sharply limited under ERISA. In the event the Court determines that Plaintiff is entitled to discovery beyond the administrative record, the parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before ____N/A_____. The Parties assert that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) on the basis that this is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(E)(i). Nevertheless, Defendant has already served a copy of the Administrative Record ("AR") on Plaintiff, and the parties agree that service of the AR by Defendant on Plaintiff satisfies the requirements of service of any initial disclosures under Rule 26(a).

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by ____N/A___.

(3) The parties must commence fact discovery procedures in time to be completed by April 1, 2027.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) 25 interrogatories;

(B) 25 document requests;

(C) 10 factual depositions;

(D) 10 requests for admissions;

(E) N/A Rule 35 medical examinations; and

(F) N/A other.

(d) Expert Discovery.

(1) The parties anticipate that they will not require expert witnesses at the time of trial.

(A) The plaintiff anticipates calling N/A experts in the fields of: N/A.

(B) The defendant anticipates calling N/A experts in the fields of: N/A.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before N/A.

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before N/A.

(B) Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before N/A.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before N/A.

(3) All expert discovery must be completed by N/A.

(e) Other Discovery Issues.

(1) Protective Order. The parties do not believe that a protective order is necessary to govern discovery.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues: No issues.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to include the following agreement in the scheduling order:

The parties do not believe an Order pursuant to Fed. R. Evid. 502(d) is necessary at this time.

(4) The parties:

☑ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

☐ agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by October 1, 2026.

(2) Motions seeking to amend the pleadings must be filed and served by October 1, 2026.

(3) All other non-dispositive motions must be filed and served by May 3, 2027.

(4) All dispositive motions must be filed and served by June 2, 2027.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for a bench trial on or after October 1, 2027.

(2) The anticipated length of bench trial is 1-2 days.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

(i) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and defendant making a written response/offer to the plaintiff's demand.

(2) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

The parties will engage in good faith settlement discussions and intend to initiate such discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

(j) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

**BEEDEM LAW PC**

DATE: August 20, 2026

*/s/ Alesia R. Strand*

Thomas Jl. Beedem 19668X)
Tjb3@beedemlaw.com
Alesia R. Strand (0332884)
ars@beedemlaw.com
80 South Eighth Street, Suite l900
Minneapolis, MN 55402
Phone # (612) 305-1300

ATTORNEYS FOR PLAINTIFF

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

DATE: August 20, 2026

*/s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar # 16452560)
Admitted Pro Hac Vice
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Email: iwana@rademaekerslaw.com

- and –

Owen J. Palmer (213226)
**LARSON KING, LLP**
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
opalmer@larsonking.com

ATTORNEYS FOR DEFENDANT